IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. GOOD, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| AMERICAN HERITAGE LIFE INSURANCE CO., | : NO. 02 CV 3725 |
| | : |
| and | : |
| | : |
| ALLSTATE FINANCIAL, | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ABSTAIN**

This case arises out of 1997 negotiations between Plaintiff William E. Good (hereinafter,

"Good") and Defendants American Heritage Life Insurance Company and Allstate Financial

(hereinafter, collectively "AHL"),[1] whereby AHL loaned Good $150,000 in anticipation of

Good's transitioning his insurance agency to AHL.  After Good defaulted on the loan and AHL's

attempts to collect on the loan failed, AHL brought a breach of contract action in Florida state

court.  Good filed counterclaims in that Florida action based on the very same allegations he

---

[1]    As previously stated in AHL's Opening Brief, to the best of AHL's knowledge, information
and belief, there is no legal entity named "Allstate Financial."  Allstate Financial is a
marketing name used by defendant American Heritage Life Insurance Co.  Therefore,
Allstate Financial is not a corporate entity capable of being sued and this Court should
dismiss the Complaint against it. For purposes of this motion, American Heritage Life
Insurance Company and Allstate Financial are referred to as a single entity, "AHL."

relies on in this case.  Thus, the instant action is duplicative of the first-filed and still pending Complaint filed by AHL in Florida state court, with virtual identity of parties, allegations, and relief requested.

In response to AHL's motion to dismiss, Good relies on strained readings of inapplicable or irrelevant case law.  For the reasons set forth below, as well as the additional reasons described in detail in AHL's Memorandum In Support of Defendants' Motion to Dismiss, or in the Alternative, to Abstain, ("AHL's Opening Brief"), this Court should dismiss this duplicative action.  Even if this Court were to exercise jurisdiction over this case, it should nevertheless dismiss the Complaint because, *inter alia,* Good's claims are barred by the economic loss doctrine, Good has failed to plead fraud with particularity, and Good has failed to state a claim for either fraudulent misrepresentation or negligent misrepresentation.  Finally, this Court should strike Good's demand for punitive damages.

## I.    THE COLORADO RIVER FACTORS COUNSEL ABSTENTION OR DISMISSAL OF THIS CASE

This Court should abstain from hearing the instant action because this case and the Florida state action are parallel proceedings where the parties are litigating issues arising out of the same facts.  See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-21 (1976).  A comparison of the pleadings[2] reveals that the allegations are identical.  For example, both pleadings contain the allegation that the Defendants "represented that they would

---

[2]    Good offers no legal support for his theory that the Florida pleadings, attached as Exhibits 1 through 4 of AHL's Opening Brief, are not properly before the Court.  To the contrary, Exhibits 1 through 4 are documents explicitly or implicitly relied upon in the Complaint, matters of public record, or documents capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  See Pension Benefit Guar, Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993), cert. denied, 510 U.S. 1042 (1994).  Thus, not only are AHL's exhibits appropriate for the Court's consideration under Pension Benefit, but are essential to any Colorado River analysis, so that the Court may compare the pleadings in the two cases.

provide Good with a 'lump sum advance' in the amount of $150,000.00 'in order to transition [Good's] organizations to AHL and provide the cash flow necessary to operate [Good's] agencies.'" See Pennsylvania Complaint at ¶ 14; Florida Counterclaim at ¶ 44.  The pleadings contain several other identical allegations.  See Burnes Declaration ¶ 8, attached as Exhibit A.

The Florida state action and the instant case are parallel because "substantially the same parties are litigating substantially the same issues."  See Al-Abood v. El Shamari, 217 F.3d 225, 232 (4th Cir. 2000); LaDuke v. Burlington Northern Railroad Co., 879 F.2d 1556, 1559 (7th Cir. 1989).  Under Colorado River, perfect identity of issues is not a prerequisite for dismissal.  See Villa Marina Yacht Sales, Inc., v. Hatteras Yachts, 947 F.2d 529, 533 (1st Cir. 1991).  Moreover, despite the fact that Good has improperly named "Allstate Financial" as a party, and re-clothed his Florida contract claims as Pennsylvania fraud claims, the Florida state action and the instant action are clearly parallel proceedings.

Colorado River counsels that a federal district court should decline to hear a case, such as this one, when a parallel action is pending in another forum.  Without repeating the reasons why the Colorado River abstention factors weigh heavily in favor of abstention or dismissal, see AHL's Opening Brief at p. 7-8, AHL will only clarify a few of the factors here.  Contrary to Good's assertions, the "priority" prong favors abstention both because the Florida Complaint was filed months before the instant Complaint, and because the amount of activity that has occurred in Florida, where the pleadings are closed and the parties have begun exchanging discovery requests, is more substantial than the complete lack of any activity, other than the filing of the Complaint and the present motion, that has occurred in this case.  See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21-22 (1983) (explaining that, when applying Colorado River factors, "priority should not be measured exclusively by which

complaint was filed first, but rather in terms of how much progress has been made in the two actions").

Moreover, Good's assertion that this case has lagged only because his counsel extended professional courtesies to AHL is misplaced. First, the extension of professional courtesies has been *mutual* – as AHL granted Good an extension of time in the Florida action, which ultimately resulted in motion practice and delayed the Florida action. <u>See</u> Burnes Declaration, Exhibit A. Equally important, Good's own litigation strategy is more responsible for the lag in prosecution of this case. Although Good filed a Writ of Summons in this matter on or about December 5, 2001, he elected not to file an actual complaint until five months later, in May 2002. Finally, the extension AHL obtained was only for four weeks and did not delay the progress of this matter in any significant way. Thus, while the progress of both cases was minimally affected by the *mutual* professional courtesies which have been extended by counsel in the two matters, the Florida action, where the pleadings are closed and the parties are engaged in discovery, clearly has priority over the instant case.

An analysis of the remaining applicable factors -- the inconvenience of the federal forum and the presence of state law claims -- also weighs heavily in favor of abstention. As discussed in AHL's Opening Brief, the parties are litigating virtually identical claims in the Florida state court, where the negotiations took place and the Loan Agreements were signed. <u>See</u> AHL's Opening Brief at 8. It is beyond dispute that the Florida state court is adequate to protect the parties' interests because it clearly has jurisdiction and can impartially adjudicate *all* of the claims before it. Significantly, the Loan Agreements provide that AHL must pursue its claims against Good exclusively in the courts of the State of Florida in Duval County. <u>See</u> Exhibit A of Exhibit 2, attached to AHL's Opening Brief. Thus, with no federal causes of action or other federal law at issue, the federal forum in Pennsylvania is clearly less convenient and less

appropriate than the Florida state forum.  In fact, Good's unfounded assertion that he has

comparatively limited resources to expend in litigation actually counsels in favor of abstention.

Neither party should be forced to expend resources in duplicative, piecemeal litigation, hundreds

of miles away from where the negotiations took place and the Loan Agreements were signed.

The inconvenience of the federal forum counsels abstention in favor of a pending state action

which can adequately protect the parties interests.  See Spring City Corp. v. Amer. Buildings

Co.,  193 F.3d 165, 171 (3d Cir. 1999).

       For the reasons discussed above and in AHL's Opening Brief, this Court should abstain

under Colorado River in order to avoid piecemeal and duplicative litigation.

## II.     ALTERNATELY, THIS COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

       Should this Court nevertheless decide to exercise jurisdiction in this duplicative

proceeding, the Complaint should be dismissed for the separate reason that it fails to state a

cognizable claim.  The Complaint is legally deficient for several reasons, including that Good's

claims are barred by the economic loss doctrine, Good has failed to plead fraud with

particularity, and Good has failed to state a claim for either fraudulent misrepresentation or

negligent misrepresentation.  Finally, this Court should strike Good's demand for punitive

damages.

### A.     The Economic Loss Doctrine Bars Good's Fraud Claims

       As demonstrated by Third Circuit precedent, Good's fraudulent and negligent

misrepresentation claims are barred by the economic loss doctrine.  See Werwinski v. Ford

Motor Co., 286 F.3d 661 (3d Cir. 2002).  In Werwinski, the Third Circuit applied the economic

loss doctrine to bar intentional misrepresentation claims for economic damages, such as those

Good seeks to recover here, which are properly resolved through breach of contract remedies.

The Werwinski court specifically refused the invitation to create an intentional fraud exception to the economic loss doctrine.  Id. at 678.  In fact, district courts in this circuit have applied the economic loss doctrine to bar intentional and negligent misrepresentation claims which seek damages for economic, and not personal, injury.  See AHL's Opening Brief at 9-10 and cases cited therein.

Good's attempt to sidestep this weight of authority is unsuccessful.[3]  For example, in Reilly Foam Corp. v. Rubbermaid Corp., a case which Good himself cites, the district court applied Werwinski and held that the economic loss doctrine barred a claim for intentional misrepresentation.  __F. Supp. 2d__, 2002 WL 1060837 at *12 (E.D. Pa. May 28, 2002). Likewise, Good's attempt to distinguish service contracts from commercial goods contracts is untenable.  Indeed, courts in this district have applied Pennsylvania's economic loss doctrine to bar negligent misrepresentation claims arising under management services contracts.  See e.g. Sun Co., Inc., v. Badger Design Const. Inc., 939 F. Supp. 365 (E.D. Pa 1996).

The same result is compelled here.  Good's fraud claims are based on alleged promises to perform future acts which address the subject matter and performance of a contract.  Such claims are properly resolved by breach of contract remedies.  See Reilly Foam, __F. Supp. 2d__, 2002 WL 1060837 at *12.  Because the economic loss doctrine precludes recovery for fraudulent and negligent misrepresentation claims alleging economic loss which are properly the subject of a breach of contract claim, the Complaint should be dismissed.

---

[3]    Good's reliance on two Pennsylvania Court of Common Pleas cases, authored by a single judge, is misplaced.  Both Amico v. Radius Comm, 2001 WL 1807924 (Pa.Com.Pl 2001) and First Rep. Bank v. Brand, 50 Pa.D&C.4th 329 (2000) were decided prior to the Third Circuit's Werwinski decision.  Moreover, federal district courts defer to federal circuit court decisions on matters of state law, absent clear indications to the contrary.  Stepanuk v. State Farm Mut. Auto. Ins. Co, 1995 WL 553010 at *2 (E.D.Pa. Sept. 19, 1995) (Reed, J).  Therefore, Werwinski is the controlling authority.

**B.     Good's Complaint Fails To Plead Fraud With Particularity As Required By The Federal Rules of Civil Procedure**

Good's Complaint should be dismissed for the additional reason that it fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).  The purpose of the heightened level of pleading for fraud is to provide notice of the "precise misconduct" with which defendants are charged and to prevent false or unsubstantiated charges.  Seville Indus. Mach. v. Southmost Mach., 742 F.2d 786, 791 (3d Cir. 1984), cert denied, 469 U.S. 1211 (1985); see also Benevento v. LifeUSA Holding Inc., 181 F.R.D. 298, 301 (E.D.Pa. 1998) (Rule 9(b) "safeguard[s] defendant against spurious charges of fraud").

Good has wholly failed to "inject precision" into the Complaint by failing to identify anything other than a single document to clarify the time, place, date, or some other alternative means for AHL to determine precisely what misrepresentations it is alleged to have made.  AHL is entitled to know precisely what misrepresentations were allegedly made in order to defend against the fraud claim.  Bhatla v. Resort Development Corp., 720 F. Supp. 501, 508-09 (W.D. Pa. 1989).

**C.     Plaintiff's Complaint Fails To State A Claim For Either Fraudulent Or Negligent Misrepresentation**

The Complaint should be dismissed for the independent reason that AHL's alleged misrepresentations were not representations of existing facts, but alleged promises of future acts. As a matter of Pennsylvania law, such statements cannot form the basis of a fraud claim.  See Krause v. Great Lakes Holdings, Inc., 563 A.2d 1182, 1187 (Pa. Super. 1989)

Good's response to AHL's motion to dismiss confirms that his Complaint fails to state a claim for fraudulent and negligent misrepresentation.  AHL allegedly made representations that "they *would* transition Good's agency" to AHL.  See Good's Memorandum in Response to Defendant's Motion to Dismiss at 11 (emphasis added).  That statement is not a

misrepresentation of past or present facts, but, at most, an unperformed promise to do future acts. See Mellon Bank Corp. v. First Union Real Estate Equity, 951 F.2d 1399, 1409 (3d Cir. 1991). Such statements cannot, as a matter of law, form the basis of a fraud claim.[4]  See Krause, 563 A.2d at 1187 (Pa. Super. 1989)

Moreover, the negligent misrepresentation claim should also be dismissed for the separate and additional reason that Good has failed to allege any duty owed by AHL to him.  See Complaint; Haydinger v. Freedman, 2000 WL 748055 (E.D.Pa. June 8, 2000) (dismissing negligent misrepresentation claim for lack of duty).  A claim for negligent misrepresentation requires the existence of a duty owed by one party to another.  Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999).  In sum, the Complaint should be dismissed for failure to state a claim for either fraudulent or negligent misrepresentation.

**D.    Plaintiff's Request For Punitive Damages Should Be Stricken**

Good's intentional misrepresentation claim cannot support a claim for punitive damages because, as discussed in AHL's Opening Brief, Good asserts a breach of contract claim masquerading as a tort claim.  See Sun Co., 939 F. Supp. at 373.  Even in fraud actions, however, a plaintiff can only recover actual losses caused by a defendant's fraud.  Smith v. Renaut, 564 A.2d 188, 193 (Pa. Super. 1989).  Punitive damages are available in fraud cases only in "aggravated" circumstances where there are "acts of malice, vindictiveness and a wholly wanton disregard for the rights of others."  Id.  The allegations in Good's Complaint, which merely

---

[4]    The cases to which plaintiff cites are simply inapplicable here.  In Brentwater Homes Inc., v. Weilbley, 369 A.2d 1172, 1175 (Pa. 1977), the Pennsylvania Supreme Court upheld the defense of promissory fraud to invalidate a claim for specific performance of a contract.  Likewise, Good's quote from Textiles Biocides v. Avecia, Inc., 52 D&C4th 244 (2001) is based on that court's application of *Delaware* law, while citing Brentwater in a footnote.  Notably, after Good's short quote, the Textiles court went on to state that, under Delaware law, a claim for "promissory fraud" requires evidence that "when the defendant made the promise, the defendant intended not to perform it." Id.  Such allegations are absent here.

allege "intent" to mislead him,  fail to allege wanton and malicious conduct sufficient to support a punitive damages award.  Therefore, the demand for punitive damages should be stricken.

## **CONCLUSION**

For the reasons stated above and in AHL's Opening Brief, this Court should dismiss plaintiff Good's Complaint, or in the alternative, abstain in favor of pending state court litigation. Alternatively, Good's Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Respectfully submitted,

Dated:  August 5, 2002                       ___/s/__ _Joan E. Burnes_____
                                              Robert D. Rhoad, Esq.
                                              I.D. No. 60151
                                              Joan E. Burnes, Esq.
                                              I.D. No. 82418
                                              Dechert Price & Rhoads
                                              4000 Bell Atlantic Tower
                                              1717 Arch Street
                                              Philadelphia, PA  19103
                                              (215) 994-4000

                                              Attorneys for Defendant,
                                              American Heritage Life Insurance Co.
                                              and Allstate Financial

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the foregoing document, Defendant's Reply Brief in Support of Their Motion to Dismiss, or, In the Alternative, To Abstain, upon Plaintiff's counsel via facsimile and first class mail addressed as follows:

> Andrew J. Bellwoar, Esq.
> Thomas J. Kent, Jr., Esq.
> Siana, Bellwoar & McAndrew, LLP
> 941 Pottstown Pike
> P.O. Box 630
> Exton, PA  19341
> Fax:  610-321-0505
>
> Attorneys for Plaintiff

                                        /s/   *Joan E. Burnes*

Dated:  August 5, 2002                  Joan E. Burnes