IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. GOOD, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| AMERICAN HERITAGE LIFE INSURANCE CO., | : NO. 02 CV 3725 |
| and | : |
| ALLSTATE FINANCIAL, | : |
| Defendants. | : |

### MEMORANDUM

**Reed, S.J.**                                                                                                  **September 26, 2002**

Defendants American Heritage Life Insurance Co. ("AHL") and Allstate Financial ("Allstate") have filed a motion to dismiss the complaint for failure to state a claim against AHL and Allstate pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Document No. 5).  Upon consideration of defendants' motion and all responsive papers, the motion will be granted.

**I.   BACKGROUND**

The following facts are based upon the well-pleaded allegations of the complaint.  See Miree v. De Kalb County, 433 U.S. 25, 27 n.2 (1977); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In 1997, defendant AHL and plaintiff William E. Good ("Good"), entered into a loan agreement in which AHL transferred $150,000.00 to Good.  AHL claims that this transaction was a loan to be repaid by Good.  Good, however, alleges that it was actually an advance payment given to him to cover the costs of transferring his business to AHL.  Each party has filed suit based on the

other's alleged failure to comply with the business agreement.

AHL filed suit against Good in Florida state court alleging breach of contract and unjust enrichment claims when Good allegedly failed to repay the loan according to the terms of the loan agreement ("Florida Action").  The highlights of the Florida Action are as follows: On May 20, 2002, Good filed an answer and counterclaim for breach of contract and unjust enrichment in response to AHL's complaint.  Good's counterclaim alleged that he entered into the loan agreement with AHL because of its interest in acquiring Good's insurance company.  According to the plaintiff, AHL had promised him numerous benefits, including salary from his position as an AHL agency manager with additional compensation, assistance in recruitment of sales personnel, and an advance of $150,000.00 to finance the transition.  On June 21, 2002, AHL answered Good's counterclaim, denying its allegations.

The action before this Court was commenced approximately three months prior to the commencement of the Florida Action.  In December 2001, Good filed a Writ of Summons, commencing this action against both AHL and Allstate in the Chester County Court of Common Pleas in Pennsylvania.[1]  As permitted by Pennsylvania procedure, Good's actual complaint was filed on May 10, 2002, alleging the defendants' fraudulent/intentional misrepresentation and negligent misrepresentation.  In response, AHL and Allstate filed a Notice of Removal on June 12, 2002 to have the case removed to this Court based on diversity jurisdiction.  Once in federal court, defendants filed a motion on June 28, 2002 asking this Court to dismiss Good's claim, or to abstain, allowing only the Florida Action to proceed.

---

[1] Although not a party in the Florida case, Allstate was named as a defendant here based on Good's belief that AHL and Allstate worked cooperatively in the transaction at issue.

Rule 12 (b) of the Federal Rules of Civil Procedure provides that "the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted." In deciding a motion to dismiss under Rule 12 (b) (6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969). Because the Federal Rules of Civil Procedure require only notice pleading, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a). A motion to dismiss should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984).

## II.   ANALYSIS

Defendants AHL and Allstate contend that Good's fraudulent, intentional and negligent misrepresentation claims are, essentially, a breach of contract claim in disguise, and should therefore be dismissed under the "economic loss" doctrine. While the Defendants' argument is valid, it is more appropriately based on the "gist of the action" doctrine.[2] "When a plaintiff alleges that the defendant committed a tort in the course of carrying out a contractual agreement, Pennsylvania courts examine the claim and determine whether the 'gist' or gravamen of it sounds in

---

[2] Although the Pennsylvania Supreme Court has neither accepted nor rejected either doctrine, this Court continues to predict on the basis of the holdings of the Superior Court of Pennsylvania in Phico Ins. Co. v. Presbyterian Medical Servs. Corp., 444 Pa. Super. 221, 227-30, 663 A.2d 753 (1995) and Redevelopment Auth. v. International Ins. Co., 454 Pa. Super. 374, 391-95, 685 A.2d 581 (1996), that the Supreme Court of Pennsylvania will adopt the gist of the action test. See Caudill Seed & Warehouse Co. v. Prophet 21, Inc., 123 F. Supp. 2d 826, 833 (E.D. Pa. 2000). Additionally, the Third Circuit Court of Appeals has predicted that the Pennsylvania Supreme Court would adopt the version of the economic loss doctrine that the United States Supreme Court developed in East River S.S. Corp. v. Transamerica Delaval, 476 U.S. 858, 90 L. Ed. 2d 865, 106 S. Ct. 2295 (1986). See Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 103-04 n. 10 (3d Cir. 2001).

contract or tort." Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc., 40 F. Supp. 2d 644, 651 (W.D. Pa. 1999) (citing cases).[3] "[A] tort claim is maintainable only if the contract is 'collateral' to conduct that is primarily tortious." Id. The gist of the action test requires the court to determine from the complaint the essential nature of the claim alleged by distinguishing between contract and tort claims on the basis of source of the duties allegedly breached; if the claim essentially alleges a breach of duties that flow from an agreement between the parties, the claim is contractual in nature, whereas if the duties allegedly breached were of a type imposed on members of society as a matter of social policy, the claim is essentially tort-based. See Phico Ins. Co. v. Presbyterian Medical Servs. Corp., 444 Pa. Super. 221, 229, 663 A.2d 753 (1995).

Similarly, the economic loss rule generally "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract . . . ." Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995). The economic loss doctrine was developed in the context of precluding product liability tort claims when one party contracted for a flawed product from the other party and the only injury resulting from the flaw occurred to the product itself. See Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 n.11 (3d Cir. 2001). As both doctrines flow from the same principle that tort actions do not lie where the liability stems from a contract, and as the instant action does not involve a products liability claim,

---

[3] Because the possibility exists that one of two state laws might apply, this Court must determine which forum's law is applicable. Although Florida courts do not recognize the "gist of the action" test per se, they do apply the economic loss rule in a similar fashion. In doing so, they, like Pennsylvania courts, agree that where, as in this case, "the alleged fraudulent misrepresentations are inseparably embodied in the parties' subsequent agreement, the economic loss rule will apply." Bates v. Rosique, 777 So. 2d 980, 982 (Fla. Dist. Ct. App. 2001) (citing Clayton v. State Farm Mutual Auto. Ins. Co., 729 So. 2d 1012 (Fla. Dist. Ct. App. 1999); Pressman v. Wolf, 732 So. 2d 356 (Fla. Dist. Ct. App. 1999)). The similarity between Pennsylvania and Florida law allows this Court to select the law of the forum within which it is located. Financial Software Systems, Inc. v. First Union Nat'l Bank, Civ. No. 99-623, 1999 WL 1241088, at *3 (E.D. Pa. 1999) (citing McFadden v. Burton, 645 F. Supp. 457, 461 (E.D. Pa. 1986)). Therefore, Pennsylvania law is applied in this case.

the "gist of the action" test is the more appropriate approach for this case. See id.

Turning to the case at hand, it is clear that Good essentially alleges a breach of contract claim. Good has brought this action because the defendants allegedly "made various oral and written representations to Good regarding the benefits he would receive." (Complaint ¶ 10). Good further claims that defendants represented that they would take certain actions in order to ensure Good's receipt of such benefits. (Complaint ¶ 12-14). These offers were accepted by Good, and were supported by consideration. Good was to receive these benefits, and defendants were to acquire Good's business. The bottom line in this case is that the plaintiff entered into a contract with the defendants, and is now alleging that they did not act as they had agreed to, preventing him from receiving the benefits he had been promised. However, instead of bringing a breach of contract claim, Good has characterized his claim as one of fraud. This is exactly the type of claim barred by the gist of the action test - a test generally barring fraud claims in cases where a defendant's alleged failure to perform its duty under the contract is inexplicably transformed into a claim that this failure amounts to fraud. See, e.g., Caudill Seed & Warehouse Co. v. Prophet 21, Inc., 123 F. Supp. 2d 826, 833 (E.D. Pa. 2000); Sun Co. v. Badger Design & Constructors, 939 F. Supp. 365, 369 (E.D. Pa. 1996).

## II. CONCLUSION

For the foregoing reasons, plaintiff Good's claims will be dismissed based upon the gist of the action doctrine. I will not reach the arguments of defendants for abstention under the Colorado River doctrine. The Court relies only upon the allegations of plaintiff's complaint in analyzing the cause of action under Rule 12(b)(6). I will therefore grant the motion to dismiss this action.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. GOOD,<br><br>                    Plaintiff,<br><br>         v.<br><br>AMERICAN HERITAGE LIFE INSURANCE CO.,<br><br>         and<br><br>ALLSTATE FINANCIAL,<br><br>                    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION<br>:<br>:<br>:  NO. 02 CV 3725<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

**AND NOW**, on this 26th day of September, 2002, upon consideration of the motion of defendants American Heritage Life Insurance Co. and Allstate Financial to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), it is hereby **ORDERED** that defendant's motion is **GRANTED** and the complaint is **DISMISSED**.

_____
**LOWELL A. REED, JR., S.J.**